UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

Case No. 11-mc-51436

HON. GEORGE CARAM STEEH

LATIF BARASH,

       Defendant,

and

STATE OF MICHIGAN
DEPARTMENT OF TREASURY
INCOME TAX DIVISION,

       Garnishee.
_____/

## ORDER

On November 10, 2011, the government filed an application seeking a writ of garnishment upon the judgment entered against defendant in his criminal case, Case No. 08-CR-20532, in the amount of $917,828.34 plus post judgment interest at the rate of 0%. The sum of $7,305.00 has been credited to the judgment debt, leaving a balance of $910,523.34 as of November 10, 2011. The garnishee is the Michigan Department of Treasury. The government served the application and other documents on defendant by mail on November 18, 2011. On November 14 and 17, 2011, the clerk issued the writ and notice of garnishment. On November 22, 2011, defendant filed a request for hearing on the government's request for garnishment. Defendant argues the government is in possession of cash and other assets which were seized from defendant and his co-defendants which defendant believes have sufficient value to satisfy the judgment. Defendant therefore argues the government's request to enforce

the judgment by way of garnishment should be denied. On December 14, 2011, the government filed a response in opposition to the relief requested by defendant. The government argues defendant has failed to raise the only issues which he may raise under 28 U.S.C. §3202(d): the probable validity of any claim of exemption and the government's compliance with statutory requirements. The government thus argues there is no basis to quash the garnishment. The government argues it is allowed to enforce a criminal order for restitution against all non-exempt property of a defendant under 18 U.S.C. §3613(a). Regarding defendant's argument that forfeited assets should be applied first, the government argues the Attorney General has the discretion to handle the disposition of assets forfeited to the United States and has not yet made a determination regarding those assets. The government also notes defendant, in his Rule 11 plea agreement, acknowledged that there were no representations made to him that the forfeited assets would be applied to his restitution debt. The court held a hearing on January 11, 2012. For the reasons stated at the hearing and given the amount of the judgment debt, the court finds there is no reason to quash the garnishment. Defendant's request is therefore DENIED.

SO ORDERED.

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

Dated: March 13, 2012

CERTIFICATE OF SERVICE

A copy of this Order was served on the parties on March 13, 2012, by CM/ECF filing.

                                      S/Marcia Beauchemin
                                      Deputy Clerk